## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GUZIAK, on behalf of himself and other Plaintiffs similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| STAR ROOFING AND SIDING, INC. and BRIAN MAGER, individually, | ) ) ) | **Jury Trial Requested** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Robert Guziak ("Plaintiff"), on behalf of himself and all others similarly situated, through his attorneys, Barlow, Kobata & Denis LLP, for his Complaint against Defendants Star Roofing and Siding, Inc. and Brian Mager, individually (collectively "Defendants"), state as follows:

## NATURE OF ACTION

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")*,* the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff and a class of similarly situated employees.

## JURISDICTION AND VENUE

**2**.    Federal jurisdiction arises under the provisions of the FLSA, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue lies in the Northern District of Illinois Eastern Division in that the Plaintiff is a resident of this District and Division, Defendants are engaged in business in this District and Division, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District and Division.

**PARTIES**

4. Defendant Star Roofing and Siding, Inc. is a roofing and siding business located in Chicago, Illinois.

5. Defendant Brian Mager is the owner, president, manager, and/or supervisor of Defendant Star Roofing and Siding Inc. and he directed the work of Plaintiff and other similarly situated employees.

6. The Plaintiff is a resident of Chicago, Illinois, and has performed work for Defendants as a roofer for approximately eighteen months since March 2016.

7. At all relevant times herein, Plaintiff, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either former or current employees of Defendants.

**IV.    COLLECTIVE ACTION ALLEGATIONS**

8. Pursuant to 29 U.S.C. § 216 (b), this action may be maintained by the Plaintiff Class, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. § 206 *et. seq.* and § 251 *et. seq.*

9. There exist past and present employees of the Defendants who are similarly situated to the named Plaintiff in that those similarly situated employees have performed the same or similar job duties as the named Plaintiff and have been compensated in the same or similar manner as the named Plaintiff.

10. Plaintiff and similarly situated employees are subject to common personnel policies, including the Defendants' same policies regarding overtime pay.

11. Defendants have a common policy and practice regarding the payment of wages and overtime wages for all of its employees.

12. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

13. Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by Defendants.

14. In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FACTUAL ALLEGATIONS**

15. Paragraphs 1-14 are re-alleged and incorporated as though set forth fully herein.

16. The Plaintiff and all other unnamed Plaintiffs of the class, known and unknown ("Plaintiff Class") are either present or past employees of the Defendants.

17. At all pertinent times to this cause of action, Plaintiff and all other members of the Plaintiff Class, known and unknown, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

18.     At all pertinent times Defendants have continuously been "employer[s] in an industry affecting commerce" within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

19.     Plaintiff has signed a Consent to Become a Party Plaintiff under the FLSA, a copy of which is attached hereto as Exhibit A.

20.     During their employment, Plaintiff and the Plaintiff Class regularly worked more than forty (40) hours during the workweek and were not paid at a rate of one and one-half times their regular hourly rate for those hours worked over forty (40).

21.     Plaintiff's and the Plaintiff Class's regular work hours are Monday through Saturday from 7:00 a.m. to 5:00 or 6:00 p.m. and during the summer months they work until it is dark outside.

22.     Plaintiff and the Plaintiff Class are paid via check for forty (40) hours and then paid in cash at their regular hourly rate for hours over forty (40).

23.     Plaintiff and the Plaintiff Class are not always paid for all of the overtime hours they work, even at their regular hourly rate.

24.     Defendants have both in the past employed and presently employs members of the Plaintiff Class, including the Plaintiff, to perform work for it, but have failed to pay them at a rate of one and one-half times their regular hourly rates for hours worked over forty (40) hours in a workweek pursuant to the requirements of the FLSA.

25.     Pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to a overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked over forty (40) in a single workweek during the two (2) years preceding the filing of this Complaint.

26.     Defendants' failure to pay overtime pay at a rate of one and one-half times the regular hourly rate for all overtime hours worked by Plaintiff and the Plaintiff Class is a violation of the FLSA.

WHEREFORE Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A.     the Court determine the rights of the parties and direct the Defendants to pay for all overtime hours worked and wages paid to the Plaintiff;

B.     awarding a judgment equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

C.     awarding Plaintiff compensatory and punitive damages with respect to his discharge;

D.     ordering Defendants to make whole Plaintiff by providing him appropriate lost earnings and benefits with pre-judgment and post-judgment interest, and other affirmative relief, including front pay;

E.     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

F.     for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

27.     Paragraphs 1-26 are re-alleged and incorporated as though set forth fully herein.

28.     Defendants have, both in the past and presently, willfully failed to pay the Plaintiff and the class he represents for all overtime hours worked at a rate of one and one-half

times their regular hourly rate as described above, despite the fact that Defendants knew, or should have known, of the requirements of the FLSA.

29.     Defendants continue a pattern of deliberate, intentional, and willful violation of the FLSA.

30.     Pursuant to the FLSA, Plaintiff and the class he represents are entitled to compensation for all overtime hours worked in any given week at a rate of one and one-half times their regular hourly rate during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A.      awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

B.      awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

C.      awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

D.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

31.     Paragraphs 1-30 are re-alleged and incorporated as though set forth fully herein.

32.     In denying Plaintiff and the class he represents compensation at a rate of one and one-half their regular hourly rate for all hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

33.     The Plaintiff and the class he represents are entitled to liquidated damages equal to the amount of unpaid compensation pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A.      awarding liquidated damages equal to the amount of all unpaid overtime compensation;

B.      awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

C.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT IV**
**SUPPLEMENTAL STATE COURT CLAIM**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.***

34.     Paragraphs 1-7 and 16-33 are re-alleged and incorporated as though set forth fully herein.

35.     There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees at a rate of one and one-half times their regular hourly rate for all hours worked over forty (40) in a workweek.

36.     This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

37.     At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an employee within the meaning of that Act.

38.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked, he was entitled to be paid at a rate of one and one-half times his regular hourly rate for all hours he worked over forty (40) in a single workweek.

39.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff for all overtime hours worked at a rate of one and one-half times his regular hourly rate. Defendants failed and refused to pay Plaintiff his overtime pay.

40.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime compensation for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

41.     The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

42.     The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

43.     Defendants' failure to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.      a judgment in the amount of all unpaid wages for the three years preceding the filing of this lawsuit;

B.      punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

D.      awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of that Act;

E.      that the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to Plaintiff during the relevant time period; and

F.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Dated: October 13, 2017          _____*s/ Marty Denis*_____

                                        Marty Denis
Barlow, Kobata & Denis LLP
525 West Monroe, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

*Attorneys for Plaintiff Robert Guziak*

9